IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10554
Conference Calendar
_____

RICHARD BURNS,

                                        Plaintiff-Appellant,

versus

STATE OF TEXAS; BUDDY GRIMES; WARDEN MCLEOD;
NFN MUNSELL, Warden; JAMIE BAKER; DEBBIE MOORE;
ROSA L. AGUIRRE; DENNIS SPAN; SHERRI CAGLE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-397
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Richard Burns (#637122), a state prisoner, has appealed the
district court's judgment dismissing his civil rights complaint
as frivolous under 42 U.S.C. § 1997e(c)(1).  Burns contends that
the district court erred in dismissing his claims related to
disciplinary case number 980126293 under the rule in Heck v.
Humphrey, 512 U.S. 477 (1994).  The district court did not apply
Heck in dismissing these claims, relying instead upon the rule in
Sandin v. Conner, 515 U.S. 472 (1995).  Burns does not contend
that the district court erred in applying Sandin.  Because

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Burns's remaining claims, involving disciplinary case numbers 990206487, 990080635, 20000111138, and 20000219322, implicate the validity of the punishment imposed for the disciplinary violations, they are not cognizable under 42 U.S.C. § 1983. Heck, 512 U.S. at 486; see Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Burns contends that the district court erred in dismissing his complaint "without first determining whether the clerk abused his authority in making a judicial determination on appellant's motion to consolidate cases . . . for lack of conformity with form requirements" and in delaying the filing of Burns's motion to consolidate. The error, if any, was harmless.

Because the appeal is frivolous,

IT IS ORDERED that the appeal is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2. The dismissal of the instant appeal and the dismissal of the complaint as frivolous under 42 U.S.C § 1997e(c)(1) by the district court each count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We CAUTION Burns that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that all outstanding motions are DENIED.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTIONS DENIED.